980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marilyn A. HAWKINS, Defendant-Appellant.
 No. 91-50601.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 21, 1992.*
Decided Dec. 10, 1992.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Following an interrogation and search at Los Angeles International Airport ("LAX"), Marilyn Hawkins was charged with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Hawkins pleaded guilty, conditional on her right to appeal the district court's denial of her motion to suppress certain evidence. Hawkins now appeals that denial. We have jurisdiction over Hawkins's timely appeal under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Hawkins and co-defendant Glover Johnson exited from a car parked near the LAX terminal at approximately 11:30 p.m. on July 6, 1990. Los Angeles Police Department Detective James Gillespie, a veteran officer with 15 years' experience in the narcotics unit, including five years at LAX, observed the pair walk into the terminal and use cash to make separate purchases of one-way tickets. Gillespie saw Hawkins walk toward Johnson, engage in a short conversation, and then precede him through the security checkpoint.
 
 
 4
 Gillespie approached Hawkins, identified himself as a police officer, and asked her if she would agree to answer some questions. He informed Hawkins that she was not under arrest, was free to leave, and did not have to speak with him if she did not want to. Upon request, Hawkins proffered an identification card and a one-way ticket to Cleveland via Chicago. Hawkins denied knowing Johnson. Hawkins also denied that she was carrying any narcotics and consented to Gillespie's searching her bags. Gillespie searched Hawkins's purse and luggage and found nothing unusual. Gillespie then asked Hawkins if she was carrying anything on her person and requested that Hawkins pull her coat away from her body.
 
 
 5
 At this point, Gillespie's and Hawkins's versions of events diverge. Gillespie asserts that Hawkins became visibly nervous, glanced over at Johnson, and slowly pulled back her sweat jacket. Gillespie saw a bulge over Hawkins's left hip, asked her what it was, and got no response; he then asked if he could touch it, to which she said yes. Gillespie touched Hawkins's side and felt a solid object and heard a crinkling sound. He suspected that it was a bodypack containing narcotics and informed Hawkins that she was under arrest. Hawkins was then searched more thoroughly by a female officer, who discovered two bags of cocaine secreted in bags on Hawkins's hips.
 
 
 6
 Hawkins, however, contends that she did not become nervous at any point during Gillespie's questioning. Furthermore, she asserts that Gillespie could not have seen a bulge on her left hip because she had been very careful to look in the mirror at home to make sure that no bulge could be seen. Finally, Gillespie did not ask for permission to touch her, she did not give him permission to do so, and she would not have given him permission because she knew she was carrying contraband, and moreover she believed that only officers of the same gender could conduct a search of her person.
 
 
 7
 Hawkins entered a motion to suppress the cocaine and other incriminating evidence arising from her arrest. The district court denied that motion, which Hawkins now appeals.
 
 II
 
 8
 The denial of a motion to suppress evidence is reviewed de novo, as is a determination of probable cause. United States v. Prieto-Villa, 910 F.2d 601, 604 (9th Cir.1990). Similarly, a determination of whether sufficient founded suspicion existed for an investigatory stop requires de novo review. United States v. Alvarez, 899 F.2d 833, 836 (9th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 671 (1991). A finding that there has been voluntary consent to a search is reviewed for clear error, United States v. Preciado-Robles, 964 F.2d 882, 885 (9th Cir.1992), as are other underlying factual findings by the district court, Prieto-Villa, 910 F.2d at 604.
 
 
 9
 * Hawkins first argues that she was seized by Gillespie before he placed her under arrest, thus invoking the protections of the Fourth Amendment. She contends that Gillespie seized her and conducted an investigatory stop that was not predicated on a founded suspicion, measured under the totality of the circumstances, that she was engaged in criminal activity. See United States v. Mondello, 927 F.2d 1463, 1470 (9th Cir.1991).
 
 
 10
 The test of whether someone has been seized for purposes of the Fourth Amendment is whether "a reasonable person would feel free 'to disregard the police and go about his business.' " Florida v. Bostick, --- U.S. ----, ----, 111 S.Ct. 2382, 2386 (1991) (quoting California v. Hodari D., --- U.S. ----, ----, 111 S.Ct. 1547, 1551 (1991)). In this case, Gillespie was careful to inform Hawkins that she was free to leave and that she had no obligation to answer any of his questions. Gillespie did nothing during his encounter with Hawkins to indicate that this statement was untrue; Gillespie never "convey[ed] a message that compliance with [his] requests [was] required." Id. See also United States v. Mendenhall, 446 U.S. 544, 557 (1980). Because we find that no seizure occurred at least until Gillespie touched Hawkins, we need not decide whether Gillespie had any founded suspicion of Hawkins's criminal activity until that point.
 
 B
 
 11
 The next issue we face is whether the district court was clearly erroneous in its finding that Hawkins consented to Gillespie's touching her side after she pulled away her sweat jacket. The government bears the burden of proving consent, United States v. Mendenhall, 446 U.S. at 557, which is to be measured by the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973).
 
 
 12
 In this case, the issue of consent turns on a credibility determination between Hawkins and Gillespie. If Hawkins's version of events is correct, consent was clearly absent; if Gillespie is to be believed, consent was unequivocally present. We only disturb the factual findings of the district court when they present clear error; when the finding turns on a credibility determination between two people, "each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." Anderson v. Bessemer City, 470 U.S. 564, 575 (1985). While the district court was free to credit Hawkins's testimony over Gillespie's, its decision to believe Gillespie was not clearly erroneous. Because we do not disturb the finding that Hawkins consented to the search, we need not determine whether probable cause existed for Gillespie to search Hawkins in the absence of consent.
 
 C
 
 13
 Finally, we must determine whether probable cause existed for Gillespie to make a warrantless arrest of Hawkins following his search. For probable cause to exist, we must find that reasonably trustworthy facts and circumstances within Gillespie's knowledge would warrant a prudent person in believing that an offense was being committed. See United States v. Rodriguez, 869 F.2d 479, 482 (9th Cir.1989).
 
 
 14
 Gillespie based his belief that Hawkins was committing an offense on the following factors that we find constituted probable cause: A) Hawkins acted as if she did not know Johnson and told Gillespie that she did not know him, although she arrived in the same car with Johnson and glanced over at him when Gillespie requested that she pull back her sweat jacket; B) Hawkins and Johnson arrived at the airport very late in the evening and bought one-way tickets, with cash, from separate ticket agents; C) Hawkins became demonstrably nervous when asked if she was carrying anything illegal on her person; D) Gillespie saw a bulge at Hawkins's side when she pulled back her sweat jacket; E) When Gillespie touched that bulge he felt a solid object and heard a crinkling noise that made him think she was smuggling contraband in a bodypack.
 
 
 15
 Given Gillespie's expertise in detecting people attempting to board airplanes carrying narcotics, see Brown v. Texas, 443 U.S. 47, 52 n. 2 (1979) (explaining relevance of an officer's expertise in weight accorded his or her evaluation of a suspect's conduct), his determination of probable cause to arrest finds adequate support in the record.
 
 III
 
 16
 The district court properly denied Hawkins's motion to suppress evidence. We AFFIRM the judgment and sentence below.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3